UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES LOUISE BRENGAN,<br><br>    Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:22-cv-02208 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will GRANT plaintiff's motion for summary judgment, and DENY the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I.  PROCEDURAL BACKGROUND

On May 29, 2019, plaintiff applied for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI) alleging disability beginning September 3, 2018 due to diabetes, major depressive disorder, osteoarthritis in the spine, and hypothyroidism. Administrative Record ("AR") 178-79, 192-93, 433-34, 438-44.[2] The applications were disapproved initially and on reconsideration. AR 243-44, 280-81. On December 16, 2020, ALJ Mark Triplett presided over the hearing on plaintiff's challenge to the disapprovals. AR 106-136 (transcript). Plaintiff appeared with her counsel, Jennifer Lyons, and testified at the hearing. AR 104-05. Vocational Expert Jerie Longacre also testified. Id.

On December 8, 2020, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 282-94 (decision), 295-99 (exhibit list). The Appeals Council granted plaintiff's request for review and remanded the matter to the ALJ on September 7, 2021, for further consideration. AR 300-03. Plaintiff and her attorney appeared before ALJ Triplett for a subsequent hearing on February 25, 2022. AR 65-103. The ALJ issued a decision on remand finding that plaintiff was not disabled under the Act on May 3, 2022. AR 29-64. The Appeals Council declined review on October 14, 2022, making the ALJ's decision on remand the final decision of the Commissioner. AR 19-25.

Plaintiff filed this action on December 12, 2022. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 19 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

II.  FACTUAL BACKGROUND

Plaintiff was born in 1967, and accordingly was 51 years old on the alleged disability onset date, making her a "person closely approaching advanced age" under the regulations. AR 20, 189; see 20 C.F.R §§ 404.1563(d), 416.963(e) (same). Plaintiff has a high school

---

[2] The AR is electronically filed at ECF No. 11.

education and past work as a property manager, caregiver, office clerk, and salesperson.  AR 354.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since September 3, 2018, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.)
>
> 3. [Step 2] The claimant has the following severe impairments: Degenerative Disc Disease; Diabetes Mellitus; and Obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk for four hours in an eight-hour day and sit for six or more hours in an eight-hour day. The claimant requires the ability to alternate between sitting and standing at will while remaining on task. The claimant can frequently climb ramps and stairs but never climb ladders, ropes, or scaffolds. The claimant can frequently balance and stoop, but only occasionally kneel and crawl. She can occasionally reach overhead bilaterally. The claimant can frequently handle and occasionally finger bilaterally. The claimant can tolerate occasional exposure to workplace hazards such as unprotected heights and exposed moving machinery.

>6. [Step 4] The claimant is capable of performing past relevant work as an information clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
>7. The claimant has not been under a disability, as defined in the Social Security Act, from September 3, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 32-57.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 57.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ made two errors: (1) the RFC determination is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion of plaintiff's treating provider, Family Nurse Practitioner ("FNP") Monica Mais, and (2) the ALJ's Step Four finding is unsupported by substantial evidence because, despite the opinions of record and the ALJ's own paragraph "B" findings, he failed to include mental limitations in the RFC.  ECF No. 14 at 3.

A. <u>Consideration of the Medical Opinion of FNP Mais</u>

Plaintiff contends that the ALJ committed legal error in his evaluation of FNP Monica Mais's "probative and disabling opinion, such that the ALJ's RFC determination and finding of non-disability is not supported by substantial evidence." ECF No. 20 at 3.  With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which changed the framework for evaluation of medical opinion evidence.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are defined in the regulations as follows:

> Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from

each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In this case, with respect to plaintiff's physical impairments, the ALJ considered the medical opinions of Disability Determination Services consultants S. Amon, M.D., and H. Pham, M.D., the opinion of Family Nurse Practitioner Monica Mais, the opinion of Walter Wynne, M.D., and the opinion of Michael D. Thibert, PA-C. AR 50-52. The plaintiff takes issue only with the ALJ's handling of FNP Mais's opinion. FNP Mais completed a treating source statement on October 14, 2020. AR 811. FNP Mais treated plaintiff every three months over a period of seven years for her diabetes, diabetic neuropathy, retinopathy, lumbar spinal stenosis, high blood pressure, hypothyroidism, depression, and GERD. Id. In her opinion, she stated that plaintiff would be off task more than 25 percent of the day due to symptoms that would impact her concentration and attention needed for simple tasks, would be able to maintain concentration and attention for less than 2 hours at a time, and that plaintiff would be absent more than 4 days per month. Id. FNP Mais opined that plaintiff could occasionally lift/carry up to 10 pounds, and rarely up to 20 pounds, sit for a total of 4 hours and stand/walk for a total of 2 hours in an 8-hour workday, with the option to sit/stand at will. AR 812. FNP Mais stated plaintiff would need to recline 2-3 times throughout the workday lasting for 20-30 minutes, and could reach, handle, finger, and feel occasionally due to her decreased sensation related to her diabetic neuropathy. AR 813. Finally, FNP Mais noted plaintiff could frequently rotate her head, occasionally climb stairs and ramps, stoop, kneel, and crouch, rarely balance and crawl, and never climb ladders or scaffolds. AR 814.

The ALJ found the opinion of FNP Mais "less persuasive" except as to lifting limitations and a sit/stand option, which the ALJ specifically found to be persuasive and incorporated into the RFC finding. AR 46, 51-52. The ALJ reasoned that the opinion "is not entirely consistent with the evidence in the record." AR 51. The ALJ explained that the claimant would not be more limited as to pushing or pulling with her upper extremities or bilateral feet, citing a history of grossly normal strength in her bilateral upper extremities, normal strength and tone in her bilateral

lower extremities, ambulation with normal gait, and denial of problems with balance and gait. AR 51.  The ALJ further noted that while plaintiff's medical history of reduced range of motion in her lumbar spine with pain supported a limitation to occasional kneeling and crawling, her extremity strength and ranges of motion would permit her to "frequently climb ramps and stairs, balance, and stoop.  Similarly, these findings are more consistent with the claimant only occasionally reaching overhead, but not being limited as to other reaching."  AR 52.

The ALJ went on to conclude that FNP Mais's opinion that plaintiff "avoid exposure to humidity, wetness, temperature extremes, vibrations, and atmospheric conditions is less persuasive because it is not consistent with the evidence in the record[,]" citing plaintiff's history of denying shortness of breath and dyspnea on exertion, as well as intolerance to heat or cold. AR 52.  The ALJ further found that FNP Mais's determination was not supported by her own treatment notes.  Id.  The ALJ reported that the treatment notes showed plaintiff regularly had "normal respiratory effort, was negative for joint pain or extremity weakness, and no gait disturbance."  Id.  Finally, the ALJ stated that though FNP Mais's findings" did include back pain and decreased ranges of motion, as well as diabetic foot neuropathy . . . [she] routinely noted that the claimant's pain was well controlled."  Id.

Plaintiff contends that the ALJ did not properly consider FNP Mais's opinion because the ALJ's analysis did not accurately reflect the full record, which contained instances of normal and abnormal findings.  ECF No. 14 and 14-16.  This argument is not persuasive; the ALJ adequately characterized the record and was not required to address every individual finding where there was conflicting medical evidence.  Even allowing that a different view of the evidence could support a different conclusion, the mere "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966); see Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("If the record would support more than one rational interpretation, we defer to the ALJ's decision.").  Plaintiff's reliance on varying findings in the medical record is not sufficient to undermine the ALJ's interpretation of the evidence.

////

More convincing is plaintiff's argument that the ALJ entirely failed to consider FNP Mais's opinion as to absences and off-task time. ECF No. 14 at 17. Defendant, implicitly acknowledging that the ALJ's assessment omits these limitations entirely, argues that "the ALJ deemed Ms. Mais's opinion unpersuasive, aside from lifting limitations and a sit/stand option which the ALJ specifically found to be persuasive and incorporated into the RFC finding. Thus, there was no need for the ALJ to specifically explain why Ms. Mais's opinion of time of task and absences was not incorporated into the RFC finding." ECF No. 19 at 10 (internal citations to the AR omitted). Defendant goes on to contend, without citation to the record, that "the ALJ specifically discussed those aspects of Ms. Mais's opinion and then cited to multiple treatments containing objective findings that did not support such extreme limitations." Id.

The court agrees with plaintiff that the total failure to address FNP Mais's opinion regarding off-task time and absences per month is error, because such limitations may have significant impact on the RFC and ultimate job availability. Indeed, at the first hearing, the vocational expert testified that an employer would not tolerate more than 10 percent off task time and if a person is unable to maintain focus or concentration for more than 30 minutes at a time, all employment would be eliminated. AR 131-133. At the second hearing on February 25, 2022, the VE testified that an employer would not tolerate more than one unscheduled absence per month. AR 92. The complete absence of analysis as to these limitations requires remand.

B. Inclusion of Mental Limitations in the RFC

Plaintiff contends that the ALJ erred by finding that plaintiff had mild limitations in her capacity to understand, remember, or apply information, in her ability to concentrate, persist, or maintain pace, and in her ability to interact with others (AR 42-43), but then failing to include any non-exertional mental limitations in the RFC without explanation (AR 46). ECF No. 14 at 19. The court agrees with plaintiff that the ALJ's failure to connect the dots between his own findings of mild limitations in various functional areas with the complete absence of non-exertional limitations in the RFC.

Where there is a claim of mental impairment, the regulations require the ALJ to follow a special procedure, the Psychiatric Review Technique (PRT). See 20 C.F.R. §§ 404.1520a(a),

10

416.920a(a). In doing so the ALJ is required to record relevant findings and rate the degree of functional loss in certain non-exertional areas known as "paragraph B" criteria. See 20 C.F.R. §§ 404.1520a(b), 416.920a(b). Defendant asserts that because the ALJ's PRT analysis found only mild impairments and because the ALJ found the mental limitations non-severe at Step 2, the ALJ was not required to include non-exertional limitations in the RFC to reflect the mild limitations assessed. Woods v. Kijakazi, 32 F.4th 785, 788 (9th Cir. 2022). In Woods, however, the Ninth Circuit upheld the ALJ's determination that the plaintiff had non-severe mental impairments based on application of the PRT at Step 2 revealing only mild limitations where the "ALJ's assessment of [the plaintiff's] residual functional capacity expressly reflected these limitations." Woods, 32 4th at 749. While both plaintiff and the court agree that there is no requirement that a finding of mild limitations in the PRT analysis mandates the presence of non-exertional limitations at Step 4, the ALJ is not free to completely ignore his own findings of mild limitations in the RFC analysis. ECF No. 20 at 7. The ALJ in this case concludes that plaintiff has mild non-exertional limitations, but fails to include any such limitations in the RFC without explanation. This is error.

C.  Remand

The undersigned agrees with plaintiff that the ALJ's error in failing to address FNP Mais's assessed limitations regarding absences and off-task time, as well as the failure to explain the lack of non-exertional limitations in the RFC despite finding mild functional limitations in the PRT, are harmful and that remand for further proceedings is necessary for the ALJ to properly assess the limitations. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; the assessed limitations and mild functional limitations related to mental health, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173

(9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider the full extent of FNP Mais's medical opinion.  The ALJ also failed to explain the absence of non-exertional limitations in the RFC considering his own findings of mild limitation in several functional areas.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: February 14, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE